IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>URSULA M. NASCH,<br><br>    Defendant.<br>_____ | 6: 99 mj 00218 HGB ALL<br><br>ORDER GRANTING REQUEST FOR ONE TIME WAIVER OF ELECTRONIC FILING REQUIREMENT<br><br>ORDER DENYING PETITION FOR EXPUNGEMENT PURSUANT TO CALIFORNIA PENAL CODE SECTION 1203.4. |

    On January 2, 2004, Defendant filed in paper format a request for a one time waiver of the electronic filing requirement. Accompanying this request is a supporting declaration of Attorney Robert E. Daye, and a proposed order granting the request. Also on January 2, 2007, Defendant filed a petition for expungement pursuant to the California Penal Code, and a proposed order granting the petition.

    In her petition, Defendant seeks expungement of a conviction, pursuant to a guilty plea, of violation of 36 CFR 4.23(a)(1), operating a motor vehicle while under the influence

of alcohol , entered February 15, 2000.  Defendant asserts that she has completed the terms of probation for that conviction, is not serving a sentence for any offense, and is not on probation for an y offense.   She now seeks expungement of her conviction pursuant to California Penal Code Section 1203.4, which provides in part as follows:

> (a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code.

The issue of expungement of records of criminal convictions is discussed thoroughly in United States of America v. Crowell, 374 F.2d 790 (9th Cir. 2004).  In that opinion, the court states in part as follows:

> Congress has not expressly granted to the federal courts a general power to expunge criminal records. Nevertheless, we have asserted that federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases. We have held that in criminal proceedings "district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231." [United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir.2000).]  We have also held, however, that district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations," because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." Id. Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." Id.

In this case, Defendant does not claim that her arrest or conviction was unlawful, or that any clerical error was made.  Therefore, this court lacks jurisdiction to expunge the record of her criminal conviction.

2

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's request for a one time waiver of the electronic filing requirement is HEREBY GRANTED;
2. The Clerk of the Court is directed to scan into the electronic filing system the documents which Defendant filed with the court in paper format on January 2, 2004;
3. Defendant's Petition for Expungement Pursuant to California Penal Code Section 1203.4 is HEREBY DENIED;
4. The Clerk of the Court is DIRECTED to serve Defendant with a paper copy of this order.

IT IS SO ORDERED.

**Dated:   January 30, 2007**            /s/  William M. Wunderlich
mmkd34                                                UNITED STATES MAGISTRATE JUDGE

3